UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:08-cv-205

JOYCE A. BARNES,

    Plaintiff,

v.

EAST CAROLINA UNIVERSITY,

    Defendant.

ANSWER TO COMPLAINT OF JOYCE A. BARNES

Responding to the Complaint of Plaintiff Joyce A. Barnes, Defendant East Carolina University ("ECU") alleges and pleads:

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits that ECU is a constituent institution of The University of North Carolina located in Greenville, North Carolina, and recognized under N.C.G.S. § 116-4.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff was hired by, and began working for, ECU as a temporary Grounds Worker in August 2001 and that in March 2002, Plaintiff was hired as a permanent General Utility Worker. Defendant further admits that Plaintiff was the only Native American employed in the ECU Facilities Services Department at that time.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff had conflicts with co-workers which caused Defendant to

move Plaintiff from one crew leader to another on the main campus at ECU. Defendant further admits that when a position became available on the medical campus at ECU, Plaintiff agreed to move to that position. Except as admitted, the allegations in paragraph 6 of the Complaint are denied.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits that on 27 March 2006 Plaintiff was hired as a General Utility Worker in the Department of Facility Services in a probationary status.

9. Defendant admits that Plaintiff was the only Native American employee in her department on the date of her hiring. Except as admitted, the allegations in paragraph 9 of the Complaint are denied.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in the introduction to paragraph number 12 of the Complaint.

12(a). Defendant denies the allegations in paragraph 12(a) of the Complaint.

12(b). Defendant denies the allegations in paragraph 12(b) of the Complaint.

12(c). Defendant denies the allegations in paragraph 12(c) of the Complaint.

12(d). Defendant denies the allegations in paragraph 12(d) of the Complaint.

12(e). Defendant denies the allegations in paragraph 12(e) of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff complained to John Gill about aspects of Greg Coward's supervision. Except as admitted, the allegations in paragraph 14 of the Complaint are denied.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that on 25 August 2006 it issued a letter to Plaintiff that terminated Plaintiff's employment effective 28 August 2006 due to unacceptable personal conduct. As to the contents of this letter, the document, to the extent admissible into evidence, speaks for itself. Except as admitted, the allegations in paragraph 16 of the Complaint are denied.

17. Defendant admits that after Plaintiff's termination date, it gave Plaintiff the option of continuing to work until September 2006 to assist Plaintiff with her finances.

18. Defendant admits that Plaintiff filed a rebuttal statement to the 25 August 2006 letter with the ECU Office of Human Resources in September 2006. As to the contents of this statement, the document, to the extent admissible into evidence, speaks for itself. Except as admitted, the allegations in paragraph 18 of the Complaint are denied.

19. Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and that the EEOC issued Plaintiff a right-to-sue letter on 18 August 2008. As to the contents of the charge, the document speaks for itself. Except as admitted, the allegations in paragraph 19 are denied.

## FIRST CAUSE OF ACTION

## SEX DISCRIMINATION

20. Defendant hereby restates and incorporates by reference each of its answers to the allegations of the above-enumerated paragraphs 1 through 19, inclusive, of the Complaint as if set forth fully herein.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

## SECOND CAUSE OF ACTION

## WRONGFUL DISCHARGE

24. Defendant hereby restates and incorporates by reference each of its answers to the allegations of the above-enumerated paragraphs 1 through 23, inclusive, of the Complaint as if set forth fully herein.

25. The allegations in paragraph number 25 state a legal conclusion, which Defendant is not required to admit or deny; to the extent that Defendant is deemed required to respond to such allegations, as to the contents of the North Carolina Equal Employment Practices Act, N.C.G.S. §§ 143-422.1 through 143-422.3, the statute speaks for itself.

26. Defendant admits the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

ECU and its officials exercised reasonable care to prevent and correct promptly all complaints made by or on behalf of Ms. Barnes. To the extent Ms. Barnes believed she was being sexually harassed prior to the filing of this lawsuit, she unreasonably failed to take advantage of the preventive or corrective opportunities provided by ECU or to avoid harm otherwise. Therefore, Defendant ECU is entitled to the affirmative defense described in *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

## FOURTH DEFENSE

Plaintiff's Title VII claims are untimely to the extent those claims rely on events that occurred more than 180 days prior to the filing of Ms. Barnes's charges with the EEOC.

## FIFTH DEFENSE

All claims contained in the Complaint are barred to the extent they rely on events outside the applicable statutes of limitations.

## SIXTH DEFENSE

Plaintiff cannot recover punitive damages against Defendant, a State agency, for her claims of discrimination under Title VII.

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's federal law claims for her failure to exhaust her administrative remedies, and to the extent the complaint was filed later than 90 days after Plaintiff's receipt of a Notice of Right to Sue from the EEOC.

## EIGHTH DEFENSE

Since Plaintiff does not have counsel, she is not entitled to any attorney's fees, if successful in this action.

**WHEREFORE**, Defendant requests that the Court:

1. Deny all relief requested in the Complaint;
2. Dismiss the Complaint in its entirety;
3. Tax all costs of this action and attorneys' fees against Plaintiff; and
4. Grant Defendant all other relief the Court considers appropriate.

This the 22nd day of January 2009.

        ROY COOPER
        Attorney General


        /s/ John P. Scherer II
        John P. Scherer II
        Assistant Attorney General
        N.C. Department of Justice
        Post Office Box 629
        Raleigh, North Carolina  27602-0629
        Tel: (919) 716-6920
        Fax: (919) 716-6764
        N.C. Bar No. 19259
        E-mail: jscherer@ncdoj.gov
        Counsel for East Carolina University

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:08-cv-205

| | |
|---|---|
| JOYCE A. BARNES, <br><br> Plaintiff, <br><br> v. <br><br> EAST CAROLINA UNIV. <br><br> Defendant | **CERTIFICATE OF SERVICE** |

     I hereby certify that on 22 January 2009, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system. I also hereby certify that I have mailed the document to the following non CM/ECF participants in the United States mail, first-class postage prepaid, addressed to:

     Joyce A. Barnes
     2306 East 3rd Street
     Greenville, NC 27858
     Plaintiff - Pro Se

     This 22nd day of January, 2009.

     Respectfully submitted,

     s/ John P. Scherer II
     John P. Scherer II
     Assistant Attorney General
     N.C. Bar No. 19259
     Attorney for Defendant
     N.C. Department of Justice
     P.O. Box 629
     Raleigh, NC 27602
     (919) 716-6920
     E mail: jscherer@ncdoj.gov

7

Case 4:08-cv-00205-FL   Document 5   Filed 01/22/09   Page 7 of 7